OPINION of the Court, by
Ch. J. Boyle.-
The appellants, wiio were defendants in the court below, hold the °kler grant for the land in controversy in this case. It is, therefore, incumbent upon the appellees to shew a valid entry, and if they do so, they will he entitled to ⅛¾¾. as far as their survey has conformed to their , J Y* - .
Their entry was itíade the 29tli of April 1780, upon apre-eiription warrant of 1000 acres, and calls for “ in-eluding a place known by the name of Stockfield. Beginning at á honey locust, corner to an old survey of Boone’s ; thence west, thence north for quantity, including Boone’s old survey;”
■ It abundantly appears that Boone in 1776 had made a survey of 1000 acres, which includes apart of the land in contróversy, under Henderson, who then claimed-t& whole country by purchase from the Indians; and that Bpone denominated the survey thus made by him, the Stockfield Tract. The place intended to be approprisp-ted by the entry, is therefore sufficiently identified. As to its notoriety, one witness swears that he became acquainted with the survey in the same year in which it was made, and that it was then generally known and continued to be so ; another witness states expressly that the lines, were generally known to hunters and others, at the date of the entry, and the other witnesses who wort acquainted at that period with the neighboring country, state that they knew that there was a tract of land in that vicinity, though they had never seen the lines of the survey, which was called the Stockfield Tract. In tips absence, then, of any opposing testimony, we feel Ourselves bound to determine the evidence sufficient to establish the notoriety of the survey made hy Boone, by tho-name of the Stockfield Tract.
The objection that it was not generally known to the adventurersincyery part of the country, cannot be sustained. If indeed it had b een proven that any other tract any where in the country had been known by The name of the Stockfield, as the entry does not designate the part of the country in which it was intended to be located, "the.objection would have been fatal. But there is no proof to this effect, and as every locator must he presumed to have at least a general knowledge of the *139 particular part of the country in which he was about to appropriate land, (a) itis sufficient for all the purposes of notice to hito thatthe name by which the tract’is designated in the entry was known in its vicinity. '
The court below, therefore, correctly sustained the entry, and there is no objection made to the mode of sur-•▼eying" it
The decree must therefore be affirmed with cost.'

 M'Gee vs. Thompfon vol. 1, 132.